IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERNESTO MIRANDA, JR. | § § | |
| VS. | § § | CIVIL ACTION NO. 19-57 |
| CONOCOPHILLIPS COMPANY | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES COURT:

**NOW COMES Ernesto Miranda, Jr.**, hereinafter referred to as "Plaintiff", complaining of **ConocoPhillips Company**, hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court and jury as follows:

A.
**PARTIES**

1.   Plaintiff, **Ernesto Miranda, Jr.**, is a resident of the State of Texas and resides in Runge, Karnes County, Texas.

2.   Defendant, **ConocoPhillips Company**, is a foreign corporation organized and existing under the laws of the State of Oklahoma, is authorized to do business in Texas and may be served with process by serving its Registered Agent for service at the following:

> **Defendant, ConocoPhillips Company**
> **By and through its Registered Agent,**
> **United States Corporation Company**
> **211 E. 7th Street, Suite 620**
> **Austin, Texas 78701-3218**

B.
**JURISDICTION AND VENUE**

3.   This Court has original jurisdiction under 28 U.S.C. §1332 because the suit is

between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and cost.

4.  Venue is proper in the United State District Court for the Western District of Texas, San Antonio Division in that Defendant, **ConocoPhillips Company**, is a resident of the Western District of Texas pursuant to 28 U.S.C. §1391(d). Furthermore, the Western District of Texas (San Antonio Division) is a convenient forum since all of the medical care and treatment to Plaintiff herein was performed at San Antonio Military Medical Center and the Project Superintendent for Defendant, **ConocoPhillips Company**, who was directing the activities at the time of the incident, resides in Floresville, Wilson County, Texas.

## C.
## FACTS

5.  At all times material hereto, Defendant conducted business in Texas. Defendant hired Plaintiff's employer, Wood Group USA, Inc., to perform work at a production facility in DeWitt County, Texas, DeWitt Central Facility 19 (hereinafter DCF 19). The work in question involved Plaintiff, **Ernesto Miranda, Jr.**, being trained as part of a "learning program" and being assigned a "mentor" by Defendant, **ConocoPhillips Company**. Arnoldo Alaniz, a Superintendent for Defendant, **ConocoPhillips Company**, was assigned the be Plaintiff's "mentor" by Defendant, **ConocoPhillips Company**.

6.  On or about July 27, 2018, Plaintiff, **Ernesto Miranda, Jr.**, was working at Defendant, **ConocoPhillips Company's**, DeWitt DCF 19 site, with Arnoldo Alaniz. Plaintiff was following the direction and instructions of Arnoldo Alaniz while attempting to re-pressurize the system after servicing a separator which was malfunctioning. The system was not re-

pressurized correctly which resulted in a flash fire.

## D.
## NEGLIGENCE

7. At all times mentioned herein, Defendant had control over the production facility known as ConocoPhillips DCF19 and owed certain duties, including the duty to ensure that its equipment was operated in a safe and prudent manner in compliance with applicable safety regulations. Specifically, the piping on the separator at the production facility became clogged and efforts were undertaken by and at the direction of ConocoPhillips to unclog the piping and repressurize the system. A flash fire ensued resulting in severe burn injuries to Plaintiff herein. At the time of the incident, ConocoPhillips was exercising control over the production facility and dictating the manner in which the system would be pressurized and did so in a manner which violated industry standards and safe protocol for accomplishing the task.

8. ConocoPhillips was also aware of the dangerous condition which existed on their site and failed to take appropriate actions to alleviate the condition before repressurizing the system. ConocoPhillips acting by and through its Superintendent, Arnoldo Alaniz, who was exercising control over the activities of Plaintiff herein and giving him instructions on procedures to follow when the incident occurred. Defendant failed to exercise ordinary care to protect Plaintiff herein and/or failed to adequately warn of the hazardous condition.

## E.
## RESPONDEAT SUPERIOR AND PROXIMATE CAUSE

9. Plaintiff contends Defendant's employee, Arnoldo Alaniz, was working at the DeWitt DCF 19 location while in the course and scope of his employment for Defendant, **ConocoPhillips Company**, and as such, Defendant, **ConocoPhillips Company**, is vicariously

liable for the acts and/or omissions of its' agent, and/or employee and Plaintiff hereby invokes the doctrine of *Respondeat Superior*. Plaintiff contends the acts and omissions described above were a proximate cause of the injuries and damages sustained by Plaintiff.

## F.
## DAMAGES

10. As a direct and proximate result of the occurrence made the basis of this lawsuit, and the Defendant's acts as described herein, Plaintiff sustained severe burn injuries to eleven percent (11%) of his body surface including areas involving his face, torso, back, arms, buttocks, legs and lower extremities.

11. Plaintiff alleges that as a direct and proximate result of the acts and/or omissions on the part of Defendant, **ConocoPhillips Company**, Plaintiff is entitled to recover and hereby seeks the following legal damages:

    a.    Reasonable medical care and expenses in the past;

    b.    Reasonable and necessary medical care and expenses which, in all reasonable probability, Plaintiff will suffer in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering in the future;

    e.    Mental anguish in the past;

    f.    Mental anguish in the future;

    g.    Physical impairment in the past;

    h.    Physical impairment which, in all reasonable probability, Plaintiff will suffer in the future;

    i.    Disfigurement, past and future;

j.  Loss of earnings in the past; and

k.  Loss of earning capacity which will, in all probability, Plaintiff will suffer in the future.

12. Plaintiff seeks pre-judgment interest and post-judgment interest as allowed by law.

## JURY DEMAND

13. Plaintiff demands a trial by jury of all issues triable of right.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, that this case be set down for a trial by a jury, and that Plaintiff have judgment against Defendant for his actual damages in such amount as the evidence may show and the jury may determine proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

THE BATES LAW FIRM
630 Broadway
San Antonio, Texas 78215
(210) 226-3777 Telephone
(210) 226-3786 Facsimile

BY: _____
Harry S. Bates
Texas Bar No. 01903900
hb@harrybateslaw.com
ATTORNEY FOR PLAINTIFF